UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN PLATZ,

    Petitioner,

v.

GEORGE STEPHENSON,

    Respondent.

Case No. 22-cv-11905
Honorable Victoria A. Roberts

**ORDER TO COMPLY WITH PLEADING REQUIREMENTS**

Sean Platz, ("Petitioner"), a Michigan prisoner confined at the Macomb Correctional Facility, has filed a "Motion for Equitable Tolling to Allow Petitioner's Pro Se Petition for Writ of Habeas Corpus to Proceed Timely." (ECF No. 1.) The clerk filed the document as a habeas petition under 28 U.S.C. § 2254, but because the pleading is insufficient to initiate a habeas action and the Court lacks jurisdiction to issue advisory opinions, the case will be summarily dismissed without prejudice, unless Petitioner files a proper habeas petition within 45 days of entry of this Order.

**I.**

Petitioner was convicted by jury of one count of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct in Berrien County Circuit Court in Michigan. *People v. Platz*, No. 346815, 2020 WL 3121162 (Mich. Ct. App. June 11, 2020). The Michigan Court of Appeals affirmed his convictions on June 11, 2020. *Id.* Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. (ECF No 1. PageID.3.) According to Petitioner, he solicited the assistance of a MDOC paralegal to prepare and submit his application materials because he suffers from Prader-Willi syndrome, which has rendered him

mentally impaired and legally blind. (*Id.* at PageID.3-4, 17.) However, the paralegal failed to file the application for leave to appeal. (*Id.* at PageID.3.) Petitioner indicates that he filed a request to extend the deadline to file an application for leave to appeal with the Michigan Supreme Court, which was denied on July 12, 2021. (*Id.* at PageID.3.) Petitioner now requests that this Court equitably toll the statute of limitations for filing a habeas petition to allow him to pursue a motion for relief from judgment in the state court and to exhaust all state remedies. (*Id.* at PageID.6-7.)

## II.

A habeas action is instituted by filing a petition. *Woodford v. Garceau*, 538 U.S. 202, 208, (2003). Upon the filing of a petition for habeas relief, the Court must conduct a preliminary review of the petition and the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). The minimum requirements for filing a habeas petition under § 2254 require the petitioner to: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2. "Notice pleading" is not sufficient. *See* Adv. Comm. Notes to Rule 4; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Fed. R. Civ. P. 8(a)).

Petitioner's Motion for Equitable Tolling to Allow Petitioner's Pro Se Petition for Writ of Habeas Corpus to Proceed Timely does not meet the above requirements for initiating a habeas

2

action. He does not indicate the grounds for relief, the facts supporting each ground, nor the habeas relief requested. Rather, Petitioner argues that he has identified exceptional circumstances that entitle him to equitably toll the statute of limitations period applicable to his habeas petition. The Court cannot address the merits of his motion because the doctrine of equitable tolling applies only to pleadings actually filed; "[i]t does not permit pre-approval of such tolling based on a 'hypothetical state of facts.'" *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016). At this time, Petitioner has not filed a proper habeas petition and merely requests prospective tolling of the statute of limitations to allow him to exhaust state remedies. Nothing in the rules allow a prisoner to seek and obtain prospective tolling of the statute of limitations before he has commenced an action with a legally sufficient petition for writ of habeas corpus. *See, e.g., Hancock v. Stewart*, Case No. 21-10410, 2021 WL 858955, at *1-2 (E.D. Mich. Mar. 8, 2021) (Michelson, J.) (concluding that the petitioner's case was subject to dismissal for merely requesting prospective tolling of the statute of limitations).

Because Petitioner has failed to file a habeas petition, this Court lacks subject-matter jurisdiction to consider Petitioner's motion for equitable tolling. Subject matter jurisdiction is the court's statutory or constitutional power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630 (2002). "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The underlying "controversy" in federal habeas action is whether a petitioner is entitled to federal habeas relief setting aside state court conviction. *Calderon v. Ashmus*, 523 U.S. 740, 746, (1998). Without a petition for writ of habeas corpus or complaint, there is no case or controversy for a federal court to decide. *See id*. at 747. The federal courts do not have the power to issue advisory opinions in the absence of a case

or controversy. *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945). Petitioner's motion is comparable to a request for an advisory opinion on whether he is entitled to equitably toll the statute of limitations for a petition not yet in existence and one that may never come into existence.

Finally, Petitioner is not entitled to a certificate of appealability for this order because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

### III.

Therefore, the Court will hold this case open for 45 days from the date of this order so that Petitioner can complete and file a habeas corpus form. Failure to complete and file a habeas petition by this deadline will result in the summary dismissal of this case, without prejudice.

SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
United States District Judge

Dated: September 21, 2022